Alex R. Straus, SBN 321366
alex@gregcolemanlaw.com
**GREG COLEMAN LAW PC**
16748 McCormack Street
Los Angeles, CA  91436
Telephone: (917) 471-1894
Facsimile: (310) 496-3176
*Plaintiffs' Attorneys*
*Additional attorneys on signature page*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH HILL and MONICA O'ROURKE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CANIDAE CORPORATION, a California Corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**Demand for Jury Trial** |

Plaintiffs Sarah Hill and Monica O'Rourke ("Plaintiffs"), acting on behalf of themselves and all others similarly situated ("Class Members"), brings this action for damages and equitable relief against Canidae Corporation ("Defendant").

## NATURE OF THE CASE

1.     Pet owners take the health and well-being of their dogs seriously. Accordingly, when purchasing dog foods, an important consideration for many consumers, including Plaintiffs and Class Members, is the quality of the food that they eat. These consumers are willing to pay more for a top-quality dog food that excludes

certain ingredients (often used as cheap fillers) that are suspected to cause allergic reactions or that lead to other health problems in dogs. For example, dogs can—and often do—have allergic reactions to certain foods, including those that contain wheat, soy, and chicken. Although not every dog has an allergic reaction to these ingredients, consumers like Plaintiffs and Class Members choose to pay more upfront than run the risk of veterinary bills.

2.     Plaintiffs and consumers willingly pay a premium for limited ingredient pet foods—like Defendant's Canidae Grain-Free PURE Real Bison, Lentil, and Carrot Recipe Dry Dog Food and Canidae Grain-Free PURE Real Salmon and Sweet Potato Recipe Dry Dog Food (collectively "Canidae Limited Ingredient Diets") purport to be—for the health and well-being of their pets.

3.     Consumers—including Plaintiffs—rely on Defendant's representations that the Canidae Limited Ingredient Diets: (1) include only limited ingredients; (2) are specifically formulated for the health needs of dogs; (3) meet its own ingredient promises and warranties; and (4) adhere to quality and manufacturing standards.

## **PARTIES**

4.     Plaintiff Sarah Hill is a citizen of California residing in San Diego, San Diego County.

5.     Plaintiff Monica O'Rourke is a citizen of New York residing in Gansevoort, Saratoga County.

6.     Defendant Canidae Corporation is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1975 Tandem Way, Norco, California, 92860. Defendant designs, manufactures, markets, and sells the Canidae Limited Ingredient Diets online and through third-party retailers throughout the United States.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  There are at least 100 members in the proposed class, the aggregated claims of the individual class members exceed the sum or value of $5,000,000.00 exclusive of interest and costs, and some of the members of the proposed class are citizens of states different from each of the Defendant.

8.     The Court may exercise jurisdiction over Defendant because its principal place of business is located in California and it is registered to conduct business in California.

9.     The Defendant has sufficient minimum contacts with California to be subject to this Court's personal jurisdiction. Defendant intentionally avails itself of the markets within California through the promotion, sale, marketing, and distribution of the Canidae Limited Ingredient Diets and numerous other products, which renders this Court's exercise of jurisdiction necessary and proper.

10.    Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant's principal place of business is in this district.

## FACTUAL ALLEGATIONS

**Plaintiff Sarah Hill's Facts**

11.    Plaintiff Hill purchased the Canidae Limited Ingredient Diets monthly from approximately the June 2017 to April 2020 to feed to her Pitbull, Buttercup. Specifically, Plaintiff Hill purchased Canidae Grain-Free PURE Real Bison, Lentil, and Carrot Recipe Dry Dog Food and Canidae Grain-Free PURE Real Salmon and Sweet Potato Recipe Dry Dog Food for Buttercup.

12.    Plaintiff Hill most often purchased the Canidae Limited Ingredient Diets products from Amazon for $19.99 for each four-pound bag. Although the Canidae Limited Ingredient Diets products were more expensive than other choices she viewed, she chose to pay the premium price based upon the "limited ingredient" promises made by Defendant.

13.     At the time of all her purchases, Plaintiff Hill relied on Defendant's factual representations about the ingredients in the Canidae Limited Ingredient Diets dog food, including those representations on the product label. The representations all indicate that that the Canidae Limited Ingredient Diets are limited ingredient diets that do not contain any soy or chicken.

14.     When Plaintiff Hill learned that the Canidae Limited Ingredient Diets mislabeled its products, she stopped purchasing the Canidae Limited Ingredient Diets products.

15.     Plaintiff Hill did not receive the benefit of her bargain when she purchased the Canidae Limited Ingredient Diets products that included ingredients that did not conform to the packaging representations and to the warranties made by Defendant. Had she been aware of the misrepresentations, she would have either not purchased the Canidae Limited Ingredient Diets or would have paid less for it.

16.     If Defendant would conform the Canidae Limited Ingredient Diet to its packaging and ingredient warranties and promises, Plaintiff Hill would be willing and likely to purchase the Canidae Limited Ingredient Diets in the future.

**Plaintiff Monica O'Rourke's Facts**

17.     Plaintiff O'Rourke purchased the Canidae Limited Ingredient Diets from approximately December 2016 to July 2019 to feed to her dog. Specifically, Plaintiff O'Rourke purchased the Canidae Grain-Free PURE Real Salmon and Sweet Potato Recipe Dry Dog Food.

18.     Plaintiff O'Rourke most often purchased the Canidae Limited Ingredient Diets products from a local Petco in which she was an employee and received an employee discount. Although she thinks the price per bag varied over time, one of the times when she purchased the Canidae Limited Ingredient Diets, after deducting her 40% employee discount, she paid $9.54 for a four-pound bag. Although the Canidae Limited Ingredient Diets products were more expensive than other choices she could

have purchased, she chose to pay the premium price based upon the "limited ingredient" promises made by Defendant.

19.     At the time of all her purchases, Plaintiff O'Rourke relied on Defendant's factual representations about the ingredients in the Canidae Limited Ingredient Diets dog food, including those representations on the product label. The representations all indicate that that the Canidae Limited Ingredient Diets is a limited ingredient diet that does not contain any soy or chicken.

20.     When Plaintiff O'Rourke learned that the Canidae Limited Ingredient Diets mislabeled its products, she stopped purchasing the Canidae Limited Ingredient Diets products.

21.     Plaintiff O'Rourke did not receive the benefit of her bargain when she purchased the Canidae Limited Ingredient Diets products that included ingredients that did not conform to the packaging representations and warranties made by Defendant. Had she been aware of the misrepresentations, she would have either not purchased the Canidae Limited Ingredient Diets or would have paid less for it.

22.     If Defendant would conform the Canidae Limited Ingredient Diet to its packaging and ingredient warranties and promises, Plaintiff O'Rourke would be willing and likely to purchase the Canidae Limited Ingredient Diets in the future.

**Academic Research Regarding the Pet Food Industry**

23.     Before December 2014, little or no peer-reviewed academic research was published concerning the accuracy of label claims with respect to ingredients present in canine foods.

24.     In December 2014, a group of researchers found that only 18% of the pet food samples they tested completely matched the label claims with respect to the content of animal by-products. Thus, 82% of the products analyzed by the researchers contained non-conforming ingredients when compared to their label claims. The December 2014 study hypothesized that raw materials used in the preparation of the

1

2

canned food products contained multiple protein types and may have contributed to contamination.[1]

3

4

5

6

7

8

9

25.    In 2016, another study looked into the issue of whether vegan pet food contained non-conforming mammalian ingredients.[2]  Vegan pet foods should contain no mammalian proteins or ingredients. The study found that half of the products tested contained non-conforming mammalian DNA in the products and suggested that manufacturers are ultimately responsible for maintaining adequate end-product quality control to prevent such discrepancies between their ingredients and label claims.

10

11

12

13

14

15

16

17

18

26.    By 2018, research into pet food products' label claims and the presence of non-conforming ingredients intensified. Out of the 40 products analyzed in one study, the ingredients of only 10 products correctly matched their label.[3]  Of the remaining 30 products, five did not contain the declared animal species ingredients and 23 others revealed the presence of undeclared animal species. Two of the products' labels were vague and their accuracy was indeterminable. This 2018 study found that mislabeling was an especially widespread problem in pet foods used for "elimination diets" (i.e. used to investigate food allergies). In this 2018 study, researchers suggested that manufacturers should pay particular attention to both the

19

20

21

22

23

[1] *See* Ming-Kun Hsieh, *et al.*, *Detection of undeclared animal by-products in commercial canine canned foods: Comparative analyses by ELISA and PCR-RFLP coupled with slab gel electrophoresis or capillary gel electrophoresis*, J Sci Food Agric. 2016 Mar 30; 96(5): 1659-65 (completed December 31, 2014).

24

25

26

[2] *See* K. Kanakubo, *et al.*, *Determination of mammalian deoxyribonucleic acid (DNA) in commercial vegetarian and vegan diets for dogs and cats*, Journal of Animal Physiology & Animal Nutrition, 2017 Feb; 101 (1): 70–74 (March 3, 2016).

27

28

[3] *See* Rebecca Ricci, *et al.*, *Undeclared animal species in dry and wet novel and hydrolyzed protein diets for dogs and cats detected by microarray analysis,* BMC Veterinary Research Volume 14, Article number: 209 (2018).

selection of raw material suppliers and the production processes for pet food due to the high risk of contamination.

27.    A second 2018 study (conducted in Europe) tested 11 canine and feline limited ingredient wet food products and found the presence of non-conforming ingredients in 54% of the products.[4] This study further suggested other peer-reviewed studies found that 80% of the dry foods analyzed contained non-conforming products. This study suggested that the high rate of cross-contamination in dietic limited-antigen wet canine and feline foods may be due to inadequate quality-control practices in the pet food industry and opined that the pet food industry has a legal obligation to produce safe food for consumers. The researchers hypothesized that pet food contamination occurs at two different points during manufacturing: 1) in the production of the feed materials (sometimes attributable to suppliers), and 2) during the actual production of the pet food via cross-contamination during manufacturing production lines, improper equipment cleaning, or other production deficiencies.

28.    In 2018, a third study summarized 18 studies, articles, and an abstract published between July 2017 and January 2018 related to pet food ingredient testing. The authors concluded that the mislabeling of pet food appears rather "common" in the limited ingredient diet products that are proposed for elimination diets.[5] They also found that unexpected added ingredients are more frequently detected than those missing from the label.

29.    Since 2014, virtually all scholarly researchers have found that pet food sold to consumers frequently contains non-conforming ingredients, and significant

---

[4] *See* Elena Pagani, *et al.*, *Cross-contamination in canine and feline dietetic limited-antigen wet diets*, BMC Vet Res. 2018; 14: 283 (September 12, 2018).

[5] *See* Thierry Olivry and Ralf S. Mueller, *Critically Appraised topic on adverse food reactions of companion animals (5): discrepancies between ingredients and labeling in commercial pet foods*, BMC Vet Res. 2018 Jan 22; 14(1):24 (January 22, 2018).

discrepancies between pet food products' labeling and their actual ingredients appears to be commonplace among pet food manufacturers.

**Defendant's Material Misrepresentations**

30.     Pet foods vary in their quality of ingredients, formula, manufacturing processes, and inspection quality. Pet owners who purchase "grain free" and "limited ingredient" products pay a premium in order to alleviate their pets' allergies or to provide various health benefits associated with a grain free or limited ingredient diet. Notably, food allergies are more common among certain dog breeds than others.

31.     In addition, pet owners are willing to pay a premium for dog food with premium ingredients and expect the products that are advertised in this manner to conform to the ingredients listed on the packaging.

32.     Accordingly, Defendant's misrepresentations regarding the ingredients in the Canidae Limited Ingredient Diets are material to consumers who purchase this product, passing over products that cost less but do not claim to be made from select, premium ingredients.

33.     Inclusion of the phrases "the Canidae Limited Ingredient Diets" and "Limited Ingredient" in the product name for the Canidae Limited Ingredient Diets dog food line is intended to appeal specifically to dog owners who would like to reduce the risk of allergic reactions to their pet's food, or otherwise to protect or improve their pets' overall health.  In addition, "limited ingredient" diets are often recommended by veterinarians to reduce risks of adverse reactions of dogs to certain ingredients that are frequently used as fillers in lower-priced dog foods, including grains, soy, or lower-priced meats.

34.     Defendant understands the importance of not having ingredients that cause allergic reactions or adverse reactions and of limiting the overall number of ingredients. Defendant unequivocally states on its website "Grain Free For Dogs With

Sensitive Stomachs: There's nothing questionable in a bowl of Canidae Pure. Never any wheat, corn, or soy."[6]

35.    Defendant's representations that each of its "PURE" Canidae Limited Ingredient Diets is limited to *only* the ingredients listed on the label is consistent across products. Each product states on the front of the label "Grain Free" and certain ones, like the Salmon and Sweet Potatoes, claim to include only "8 Simple Ingredients" while others, including the Bison formula, claim to have just "10 Simple Ingredients."

36.    As Defendant explains on its website:

CANIDAE® PURE™ premium dry dog food is made with real food ingredients, formulated for all dogs, and those with additional sensitivities. With 7-10 key ingredients or less, your dog gets a complete, well-rounded meal crafted with their health and well-being at the forefront. CANIDAE PURE recipes always begin with real meat or fish first (Salmon, Lamb, Duck, Boar Bison, or Chicken), paired with whole foods like sweet potatoes, peas, lentils, or chickpeas. And we promise never any fillers – never any corn, wheat or soy. Every recipe includes high-protein ingredients for lean, strong muscles, added probiotics for easy digestion, vitamins/minerals and hard-working antioxidants for overall health and fatty acid blends for healthy skin and coat. Formulated for all life stages and most breed sizes, there is a CANIDAE PURE food that is perfect for your pup.[7]

37.    The front and back of the Canidae Limited Ingredient Diets dog food bags include numerous representations by Defendant that are materially misleading. Images of the front and back of the bags are reproduced below:

_____

[6] https://www.canidae.com/dog-food/products/canidae-grain-free-pure-real-bison-dry-food (last visited July 9, 2020). *See also* https://www.canidae.com/dog-food/products/canidae-grain-free-pure-range-dry-formula  (last visited July 9, 2020).

[7] https://www.canidae.com/dog-food/products/canidae-grain-free-real-salmon-sweet-potato-dry-dog (last visited July 9, 2020).

## I. Canidae PURE Real Bison, Lentil & Carrot Recipe[8]





---

[8] https://www.amazon.com/Canidae-Limited-Ingredient-Adult-Potato/dp/B01MZ1EWVE (last visited July 9, 2020).







## II.   <u>Canidae PURE Real Salmon & Sweet Potato Recipe[9]</u>





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





38.     The representations that the Canidae Limited Ingredient Diets only contain either "8 Simple Ingredients" or, alternatively, "10 Simple Ingredients" appears, in large type, on the front and back of every bag. Further, the ingredients are listed on both the front and back of the bag. Canidae takes it a step further by putting large graphics of the ingredients on the back of the bag to illustrate the simplicity of its "Simple Ingredients" representations.   The words "Grain Free" are also very prominently on the front of every Canidae Limited Ingredient Diets' bag.

39.     The back of each bag also includes an ingredient list for the Canidae Limited Ingredient Diets. Soy and chicken are not listed as ingredients on the Canidae Limited Ingredient Diets' ingredient lists.

40.     All of Defendant's representations regarding the ingredients in the Canidae Limited Ingredient Diets, and the safety of the Canidae Limited Ingredient Diets for dogs that may be sensitive or allergic to soy or chicken, are false.

41.     In fact, the Canidae Limited Ingredient Diets contain significant amounts soy and chicken (the "defect"). Plaintiffs' independent analysis of the ingredients of the Canidae Limited Ingredient Diets found that the Canidae Limited Ingredient Diets contain material amounts of chicken and soy using the industry standard Q-PCR method of DNA testing.

**Defendant's Misrepresentations and Omissions are Material to Consumers**

42.     Although pet foods vary in the quality of ingredients, formula, manufacturing processes, and inspection quality, dog owners often choose to purchase products that have "limited ingredients"—like soy free or chicken free here—because certain dog breeds have allergies associated with dog foods that contain these ingredients or because the owners understand that certain ingredients help—or hamper—their pets' health, weight, and overall well-being.

43.     When pet owners buy limited ingredient dog food, they usually do so to prevent a health issue or address a nutritional deficiency that their dog may be

experiencing. And consumers generally must pay a premium price for these specialized pet food formulations.

44.     Accordingly, Plaintiffs and Class Members purchased the Canidae Limited Ingredient Diets, spending additional money for the premium food and its promises, instead of cheaper dog food alternatives that are known to contain soy and/or chicken.

45.     Defendant's misrepresentations about the formulation of the Canidae Limited Ingredient Diets drive consumers' purchases.

## CLASS ACTION ALLEGATIONS

### Class Definitions

46.     Plaintiffs bring this action on behalf of themselves and the members of the following class:

> All persons residing in the United States and its territories who, during the maximum period of time permitted by law, purchased the Canidae Limited Ingredient Diets primarily for personal, family, or household purposes, and not for resale.

47.     In addition, or alternatively, Plaintiff Sarah Hill brings this action on behalf of herself and the members of the following subclass ("California Subclass"):

> All persons residing in California who, during the maximum period of time permitted by law, purchased the Canidae Limited Ingredient Diets primarily for personal, family, or household purposes, and not for resale.

48.     In addition, or alternatively, Plaintiff Monica O'Rourke brings this action on behalf of herself and the members of the following subclass ("New York Subclass"):

> All persons residing in New York who, during the maximum period of time permitted by law, purchased the Canidae Limited Ingredient Diets primarily for personal, family, or household purposes, and not for resale.

49. Specifically excluded from this definition are: (1) Defendant, any entity in which any Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and (3) Class Counsel.

50. Plaintiffs reserve the right to amend the Class definition and Subclass definitions as necessary.

51. As used herein, "Class Members" shall mean and refer to the members of the Nationwide Class and any of the Subclasses, including Plaintiffs.

52. Plaintiffs seek only damages and equitable relief on behalf of themselves and the Class Members. Plaintiffs disclaim any intent or right to seek any recovery in this action for personal injuries, wrongful death, or emotional distress suffered by Plaintiffs and/or the Class Members.

53. <u>Numerosity</u>: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.

54. <u>Typicality</u>: The claims of the representative Plaintiffs are typical in that Plaintiffs, like all Class Members, purchased the Canidae Limited Ingredient Diets that were manufactured and distributed by Defendant. Plaintiffs, like all Class Members, have been damaged by Defendant's misconduct in that, *inter alia*, they have incurred or will continue to incur damage due to purchasing a product at a premium price that contained ingredients (soy and chicken) that Defendant represented were absent from the Canidae Limited Ingredient Diets. Furthermore, the factual bases of

Defendant's misconduct are common to all Class Members and represent a common thread of fraudulent, deliberate, and negligent misconduct resulting in injury to all Class Members.

55.   <u>Commonality</u>: There are numerous questions of law and fact common to Plaintiffs and Class Members that predominate over any individual questions.  These common legal and factual issues include the following:

a)   Whether the Canidae Limited Ingredient Diets contain soy and/or chicken;

b)   Whether Defendant's representations that its products contain no soy or chicken are false;

c)   Whether Defendant expressly warranted that the Canidae Limited Ingredient Diets would conform to the representations made on its packaging that the Canidae Limited Ingredient Diets contain no soy or chicken;

d)   Whether Defendant impliedly warranted that the Canidae Limited Ingredient Diets would conform to the representations that they are limited ingredient products that would pass without objection in the trade under this description and are fit for the ordinary purposes for which such goods are sold;

e)   Whether Defendant breached its warranties by making the representations above;

f)   Whether Defendant was unjustly enriched by making the representations and omissions above;

g)   Whether Defendant's actions as described above violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*;

h)   Whether Defendant's actions as described above violated state consumer protection laws as alleged herein;

i)      Whether Defendant should be required to make restitution, disgorge profits, reimburse losses, pay damages, and pay treble damages as a result of the above described practices.

56.     <u>Adequate Representation</u>: Plaintiffs will fairly and adequately protect the interests of Class Members. Plaintiffs have retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiffs intend to prosecute this action vigorously.

57.     <u>Predominance and Superiority</u>: Plaintiffs and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of Class Members' individual claims, it is likely that few Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.  Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

58.     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT 1
## <u>BREACH OF EXPRESS WARRANTY</u>

59.     Plaintiffs brings this count on behalf of themselves and the Class, and alternatively, the Subclasses, and repeats and re-alleges all previous paragraphs, as if fully included herein.

60.    Defendant marketed, sold, and/or distributed the Canidae Limited Ingredient Diets, and Plaintiffs and Class Members purchased the Canidae Limited Ingredient Diets.

61.    Defendant represented in its marketing, advertising, and promotion of the Canidae Limited Ingredient Diets that its product was "Grain Free" and has only "8 Simple Ingredients" or "10 Simple Ingredients." Defendant made these representations to induce Plaintiffs and Class Members to purchase the Canidae Limited Ingredient Diets, which did in fact induce Plaintiffs and other Class Members to purchase this product.

62.    Accordingly, Defendant's representations that the Canidae Limited Ingredient Diets contained no soy or chicken became part of the basis of the bargain between Defendant and Plaintiffs and other Class Members.

63.    The Canidae Limited Ingredient Diets did not conform to Defendant's representations and warranties regarding soy and chicken because at all relevant times the bags of the Canidae Limited Ingredient Diets contained these ingredients.

64.    As a direct and proximate result of Defendant's breaches of its express warranties and their failure to conform to the Canidae Limited Ingredient Diets' express representations, Plaintiffs and members of the Class have been damaged. Plaintiffs and Class Members have suffered damages in that they did not receive the product they specifically paid for and that Defendant warranted it to be. In addition, Plaintiffs and Class Members paid a premium for a product that did not conform to the Defendant's warranties.

65.    As of the date of this filing, Plaintiffs mailed a letter to Defendant outlining Defendant's conduct that is a breach of the express warranty of the Canidae Limited Ingredient Diets as described throughout this complaint.

## COUNT 2

## __BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY__

66.     Plaintiffs bring this count on behalf of themselves and the Class, and alternatively, the Subclasses, and repeat and re-allege all previous paragraphs, as if fully included herein.

67.     Defendant marketed, sold, and/or distributed the Canidae Limited Ingredient Diets, and Plaintiffs and other Class Members purchased the Canidae Limited Ingredient Diets.

68.     Plaintiffs bring this claim for breach of the Uniform Commercial Code's implied warranty of merchantability on behalf of themselves and other consumers who purchased the Canidae Limited Ingredient Diets as a limited ingredient dog food product for their pets.

69.      The Defendant is a merchant as defined by applicable UCC provisions.

70.      Privity between Plaintiffs and the class and Defendant is not required under California law.

71.     The Defendant has breached the implied warranties of merchantability that it made to Plaintiffs and the prospective class. For example, Defendant impliedly warranted that the Canidae Limited Ingredient Diets products were free from defects, that they were merchantable, and that they were fit for the ordinary purpose for which limited ingredient dog foods are used.

72.     When sold by Defendant, the Canidae Limited Ingredient Diets were not merchantable, did not pass without objection in the trade as a limited ingredient diet for dogs, was not of adequate quality within that description, was not fit for the ordinary purposes for which such goods are used, and did not conform to the promises or affirmations of fact made on the container or label.

73.     On June 24, 2020, Plaintiffs gave notice to Defendant that the product was not fit for such purpose and/or was not otherwise merchantable as set forth above.

Plaintiffs will seek to amend their complaint after notice and Defendant's response to amend this allegation.

74.     As a direct result of the Canidae Limited Ingredient Diets being unfit for its intended purpose as a limited ingredient food product and/or otherwise not merchantable, Plaintiffs and class members were damaged and are entitled to remedies provided under Article 2 of the U.C.C., including under California law specifically, monetary damages. *See, e.g.*, Cal. Com. Code § 2714.

75.     Because of the defects in the Canidae Limited Ingredient Diets product as described herein, the value of the Canidae Limited Ingredient Diets products as warranted is greater than actual value of the Canidae Limited Ingredient Diets. Plaintiff and California Subclass would not have purchased the Canidae Limited Ingredient Diets on the same terms, had they known that the Canidae Limited Ingredient Diets in fact contained soy and/or chicken.   Plaintiff and California Subclass paid a price premium for the Canidae Limited Ingredient Diets based on Defendant's misrepresentations. Damages, which may be measured pursuant to the damage provisions of Article 2 of the UCC, are warranted to plaintiffs and members of the proposed class. *See*, e.g., Cal. Com. Code § 2714(2).

76.     As a direct and proximate result of Defendant's breach of the warranties of merchantability, Plaintiffs and the other class members have been damaged in an amount to be proven at trial.

## COUNT 3
## VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
### (15 U.S.C. § 2301, *et seq.*)

77.     Plaintiffs bring this count on behalf of themselves and the Class, and alternatively, the Subclasses, and repeat and re-allege all previous paragraphs, as if fully included herein, as well as the allegations as to the breach of implied warranty of merchantability as set forth in Count 2 above.

78.     As previously alleged, this Court has original jurisdiction over this matter based upon the requirements of CAFA; therefore, the Court has alternate jurisdiction over Plaintiffs' Magnuson-Moss claim.

79.     The Canidae Limited Ingredient Diets are consumer products as defined in 15 U.S.C. § 2301(1).

80.     Plaintiffs and Class members are consumers as defined in 15 U.S.C. § 2301(3) and utilized the Canidae Limited Ingredient Diets for personal and household use and not for resale or commercial purposes.

81.     Plaintiffs purchased the Canidae Limited Ingredient Diets costing more than $5 and their individual claims are greater than $25 as required by 15 U.S.C. §§ 2302(e) and 2310(d)(3)(A).

82.     Defendant is a supplier and warrantor as defined in 15 U.S.C. §§ 2301(4) and (5).

83.     The federal Magnuson-Moss Warranty Act ("MMWA" or "Act"), 15 U.S.C. §§ 2301-2312, is a consumer protection regime designed to supplement state warranty law.

84.     The MMWA provides a cause of action for breach of warranty, including the implied warranty of merchantability, or other violations of the Act. 15 U.S.C. § 2310(d)(1).

85.     The Defendant has breached its implied warranties of merchantability by failing to provide merchantable goods. The Canidae Limited Ingredient Diets dog food at issue is not merchantable or fit for its ordinary purposes because the dog food is purportedly designed and marketed as a wholesome limited ingredient food for pets whose choose to avoid feeding their pets soy or chicken, yet Plaintiffs' and proposed class members' the Canidae Limited Ingredient Diets products do not function accordingly.

86.     Defendant breached its implied warranty of merchantability because the Canidae Limited Ingredient Diets did in fact contain soy and chicken, and therefore fails to function as a limited ingredient diet.

87.     In its capacity as warrantor, and by the conduct described herein, any attempt by Defendant to limit the warranties in a manner that it does is not permitted by law.

88.     By Defendant's conduct as described herein, Defendant has failed to comply with its obligations under its implied promises, warranties, and representations.

89.     Plaintiff and the Classes fulfilled their obligations under the implied warranties.

90.     As a result of Defendant's breach of warranties, Plaintiffs and the Classes are entitled to revoke their acceptance of the Canidae Limited Ingredient Diets, obtain damages, punitive damages, equitable relief, and attorneys' fees and costs pursuant to 15 U.S.C. § 2301.

91.     As of the date of this filing, Plaintiffs mailed a letter to Defendant outlining Defendant's conduct that is in violation of MMWA as described throughout this complaint.

## COUNT 4

## UNJUST ENRICHMENT

92.     Plaintiffs bring this count on behalf of themselves and the Class, and alternatively, the Subclasses, and repeats and re-alleges all previous paragraphs, as if fully included herein.

93.     Plaintiffs conferred benefits on Defendant by purchasing the Canidae Limited Ingredient Diets at a premium price.

94.     Defendant has knowledge of its receipt of such benefits.

95.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class Members' purchases of the Canidae Limited Ingredient Diets.

96.     Defendant's retaining of these moneys under these circumstances is unjust and inequitable because Defendant falsely and misleadingly represented that Canidae Limited Ingredient Diets contained no soy or chicken when, in fact, the Canidae Limited Ingredient Diets did contain these non-conforming ingredients.

97.     Defendant's misrepresentations have injured Plaintiffs and Class Members because they would not have purchased (or would not have paid a price premium) for the Canidae Limited Ingredient Diets had they known the true facts regarding the Canidae Limited Ingredient Diets' ingredients.

98.     Because it is unjust and inequitable for Defendant to retain such non-gratuitous benefits conferred on it by Plaintiff and Class Members, Defendant must pay restitution to Plaintiffs and Class Members, as ordered by the Court.

## COUNT 5

## CALIFORNIA CONSUMERS LEGAL REMEDIES ACT ("CLRA")

99.     Plaintiff Sarah Hill brings this count on behalf of herself and the California Subclass and repeats and re-alleges all previous paragraphs, as if fully included herein.

100.   The CLRA prohibits deceptive practices by any business that provides goods, property, or services primarily for personal, family, or household purposes.

101.   Plaintiff Hill and the California Subclass members are "consumers" as defined in California Civil Code § 1761(d).

102.   The Canidae Limited Ingredient Diets Products are "goods" as defined in California Civil Code § 1761(a).

103.   Defendant is a "person" as defined in California Civil Code § 1761(c).

104.   Plaintiff Hill and the Class members' purchases of the Canidae Limited Ingredient Diets are "transactions" as defined in California Civil Code § 1761(e).

105.   Defendant's representations and omissions concerning the quality, benefits and effectiveness of the Canidae Limited Ingredient were false and/or misleading as alleged herein.

106.   Defendant's false or misleading representations and omissions were such that a reasonable consumer would attach importance to them in determining his or her purchasing decision.

107.   Defendant's false and misleading representations and omissions were made to the entire California Subclass as they were prominently displayed on the packaging of every bag of the Canidae Limited Ingredient Diets dog food.

108.   Defendant knew or should have known their representations and omissions were material and were likely to mislead consumers, including Plaintiff Hill and the Class.

109.   Defendant's practices, acts, and course of conduct in marketing and selling the Canidae Limited Ingredient Diets Products were and are likely to mislead a reasonable consumer acting reasonably under the circumstances to his or her detriment.

110.   Defendant's false and misleading representations and omissions were designed to, and did, induce the purchase and use of the Canidae Limited Ingredient Diets Products for personal, family, or household purposes by Plaintiff Hill and California Subclass members, and violated and continue to violate the following sections of the CLRA:

   a.   § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

   b.   § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

   c.   § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

     d.    § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it was not.

111.   Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised the Canidae Limited Ingredient Diets to unwary consumers.

112.   Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

113.   Defendant's wrongful business practices were a direct and proximate cause of actual harm to Plaintiff Hill and to each California Subclass member.

114.   Pursuant to the provisions of Cal. Civ. Code § 1782(a), on June 24, 2020, Plaintiff Hill sent the required notice to Defendant regarding its unlawful conduct and violation of the CLRA. If after 30 days no satisfactory response has been received, Plaintiff Hill will seek leave to amend this allegation to request restitution and actual damages.

115.   Pursuant to California Civil Code § 1780, Plaintiff Hill seeks injunctive relief, reasonable attorneys' fees and costs, and any other relief that the Court deems proper on behalf of the California Subclass.

## COUNT 6

## CALIFORNIA FALSE ADVERTISING LAW ("FAL")

116.   Plaintiff Hill brings this count on behalf of herself and the California Subclass and repeats and re-alleges all previous paragraphs, as if fully included herein.

117.   The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

118.   It also is unlawful under the FAL to make or disseminate any advertisement that is "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id.*

119.   As alleged herein, the advertisements, labeling, website, policies, acts, and practices of Defendant relating to the Canidae Limited Ingredient Diets Products were and are deceptive and misleading.

120.   As alleged herein, the advertisements, labeling, website, policies, acts, and practices of Defendant misled consumers acting reasonably as to Defendant's representations about quality, benefits, and ingredients of the Canidae Limited Ingredient Diets.

121.   Plaintiff Hill suffered injury-in-fact as a result of Defendant's actions as set forth herein because, as a reasonable consumer, she purchased the Products in reliance on Defendant's false and misleading labeling claims concerning the Canidae Limited Ingredient Diets' qualities, benefits, and ingredients.

122.   Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Canidae Limited Ingredient Diets in a manner that is untrue and misleading, which Defendant knew or reasonably should have known was untrue, and because Defendant omitted material information from its advertising.

123.   Defendant profited from sale of the falsely and deceptively advertised Products to reasonable but unwary consumers including Plaintiff and the California Subclass, and Defendant has thereby been unjustly enriched.

124.   As a result, Plaintiff Hill, the California Subclass, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

125.   Because Plaintiff Hill owns a pet to whom she would like to feed a limited ingredient dog food, she suffers threat of future harm because she is unable to rely on Defendant's representations regarding the ingredients of the Canidae Limited Ingredient Diets. Likewise, because Defendant has made such representations with impunity thus far, Plaintiff Hill's ability to discern truthful from untruthful claims made with respect to Defendant's and other competitors' dog food ingredients is

impaired. Injunctive relief requiring Defendant to make only truthful statements in its advertising would remedy these harms.

126.   Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff Hill, on behalf of herself and the California Subclass, seeks an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

## COUNT 7
## CALIFORNIA UNFAIR COMPETITION LAW ("UCL")

127.   Plaintiff Hill brings this count on behalf of herself and the California Subclass and repeats and re-alleges all previous paragraphs, as if fully included herein.

128.   The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Defendant's acts, omissions, misrepresentations, practices, and non-disclosures as alleged herein constitute business acts and practices.

129.   Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein constitute unlawful, unfair, and fraudulent business practices in that they have the capacity to deceive reasonable consumers, including Plaintiff Hill and the Class, as to the benefits and ingredients of the Canidae Limited Ingredient Diets Products.

130.   Unlawful: The acts alleged herein are "unlawful" under the UCL in that they violate at least: (a) the False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq*.; and (b) the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*.

131.   Unfair: Defendant's conduct with respect to the labeling, advertising, and sale of the Canidae Limited Ingredient Diets was "unfair" because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to its victims, including Plaintiff Hill and the California Subclass.

a. Defendant's conduct with respect to the labeling, advertising, and sale of the Canidae Limited Ingredient Diets was and is unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the applicable sections of the False Advertising Law and Consumers Legal Remedies Act.

b. Defendant's conduct with respect to the labeling, advertising, and sale of the Products was and is unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumer themselves could reasonably have avoided.

c. Reasonable consumers, including Plaintiff Hill and the California Subclass, purchased the Canidae Limited Ingredient Diets believing the products' ingredients were limited and did not include chicken and soy as represented by Defendant when in fact they were not—a fact of which consumers could not reasonably have become aware.

132. <u>Fraudulent</u>: A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

a. As set forth herein, Defendant's representations and omissions about the quality, benefits, and effectiveness of the Canidae Limited Ingredient Diets were and are false and likely to mislead or deceive the public because a significant portion of the general consuming public, acting reasonably in the circumstances, could be misled by Defendant's representations and omissions.

133. Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised and packaged the Canidae Limited Ingredient Diets to unwary consumers.

134.   Defendant's conduct directly and proximately caused and continues to cause substantial injury to Plaintiff Hill and the other California Subclass members. Plaintiff Hill and the California Subclass have suffered injury-in-fact as a result of Defendant's unlawful conduct including but not limited to the damages as described above.

135.   Plaintiff Hill and the California Subclass are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate misleading information on the Canidae Limited Ingredient Diets' packaging and through the marketing and advertising of the Products. Thus, injunctive relief enjoining Defendant's deceptive practices is proper.

136.   Because Plaintiff Hill owns a pet to whom she chooses to feed limited ingredient dog food, she suffers threat of future harm by the Defendant because she is unable to rely on Defendant's representations regarding the qualities and ingredients of its products in deciding whether to purchase the Canidae Limited Ingredient Diets in the future.  Likewise, because Defendant have made such representations with impunity thus far, Plaintiff Hill's ability to discern truthful from untruthful claims made with respect to competitors' dog food products is impaired. Injunctive relief requiring Defendant to make only truthful statements in its advertising would remedy these harms.

137.   In accordance with Bus. & Prof. Code § 17203, Plaintiff Hill seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

138.   Plaintiff Hill and the California Subclass also seek an order for and restitution of all monies from the sale of the Products, which were unjustly acquired through acts of unlawful competition.

## COUNT 8
## VIOLATION OF THE NEW YORK DECEPTIVE TRADE PRACTICES ACT ("GBL")

139.   Plaintiff O'Rourke asserts this Count on behalf of herself and the New York Subclass and repeats and re-alleges all previous paragraphs, as if fully included herein.

140.   By the acts and conduct alleged herein, Defendant committed unfair or deceptive acts and practices by misrepresenting that the Canidae Limited Ingredient Diets did not contain chicken or soy when, in fact, the Canidae Limited Ingredient Diets contained soy and chicken.

141.   Defendant's business practice of marketing, advertising, and promoting its Canidae Limited Ingredient Diets in a misleading, inaccurate, and deceptive manner constitutes unconscionable commercial practice, deception, and misrepresentation and, accordingly, constitutes multiple, separate violations of Section 349 of the New York General Business Law.

142.   In marketing, advertising, and promoting the Canidae Limited Ingredient Diets to consumers, including Plaintiff O'Rourke and members of the New York Subclass, Defendant materially misrepresented and omitted key aspects regarding the Canidae Limited Ingredient Diets throughout the United States, including the State of New York.

143.   The foregoing deceptive acts and practices were directed at consumers.

144.   The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics, ingredients, benefits, quality, and nature of the Canidae Limited Ingredient Diets to induce consumers to purchase the same, and/or to pay a premium for the product.

145.   Defendant's unconscionable commercial practices, false promises, misrepresentations, and omissions set forth in this Complaint are material in that they relate to matters which reasonable persons, including Plaintiff O'Rourke and members

of the New York Subclass, would attach importance to in making their purchasing decisions or conducting themselves regarding the purchase of the Canidae Limited Ingredient Diets.

146.   Plaintiff O'Rourke and members of the New York Subclass were injured because: (a) they would not have purchased the Canidae Limited Ingredient Diets, or would not have purchased the Canidae Limited Ingredient Diets on the same terms, had they known that the Canidae Limited Ingredient Diets in fact contained soy and/or chicken; (b) they paid a price premium for the Canidae Limited Ingredient Diets based on Defendant's false and misleading statements; and (c) the Canidae Limited Ingredient Diets did not have the characteristics and benefits promised because it contained soy and chicken. As a result, Plaintiff O'Rourke and the New York Subclass have been damaged in an amount to be proven at trial, but not less than either the purchase price of the Canidae Limited Ingredient Diets or, alternatively, the difference in value between the Canidae Limited Ingredient Diets as advertised and the Canidae Limited Ingredient Diets as actually sold.

147.   On behalf of herself and other members of the New York Subclass, Plaintiff O'Rourke seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT 9
## VIOLATION OF NEW YORK GEN. BUS. LAW § 350

148.   Plaintiff O'Rourke brings this Count individually and on behalf of the members of the New York Subclass against Defendant and repeats and re-alleges all previous paragraphs, as if fully included herein.

149.   Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way and which constitutes false advertising in violation of Section 350 of the New York General Business Law.

150. Defendant's false, misleading, and deceptive statements and representations of fact include, but are not limited to, the representations that the Canidae Limited Ingredient Diets were "Grain Free" and had only "8 Simple Ingredients" or alternatively, had only "10 Simple Ingredients." Defendant also directed these representations to consumers.

151. Defendant's false, misleading, and deceptive statements and representations of fact, including but not limited to the representations the Canidae Limited Ingredient Diets included no chicken or soy, were "Grain Free," and had only "8 Simple Ingredients" or alternatively, had only "10 Simple Ingredients," were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

152. Defendant's false, misleading, and deceptive statements and representations of fact, including but not limited to the representations that the Canidae Limited Ingredient Diets includes no chicken or soy, were "Grain Free" and had only "8 Simple Ingredients" or alternatively, had only "10 Simple Ingredients," have resulted in consumer injury or harm to the public interest.

153. Plaintiff O'Rourke and members of the New York Subclass were injured because: (a) they would not have purchased the Canidae Limited Ingredient Diets, or would not have purchased the Canidae Limited Ingredient Diets on the same terms, had they known that the Canidae Limited Ingredient Diets in fact contained soy and/or chicken; (b) they paid a price premium for the Canidae Limited Ingredient Diets based on Defendant's false and misleading statements; and (c) the Canidae Limited Ingredient Diets did not have the characteristics and benefits promised because it contained soy and chicken.

154. As a result, Plaintiff O'Rourke and the New York Subclass have been damaged in an amount to be proven at trial, but not less than either the purchase price of the Canidae Limited Ingredient Diets or, alternatively, the difference in value

between the Canidae Limited Ingredient Diets as advertised and the Canidae Limited Ingredient Diets as actually sold.

155.   As a result of Defendant's false, misleading, and deceptive statements and representations of fact, including but not limited to the representations that the Canidae Limited Ingredient Diets were "Grain Free" and had only "8 Simple Ingredients" or alternatively, had only "10 Simple Ingredients," Plaintiff O'Rourke and members of the New York Subclass have suffered and continue to suffer economic injury.

156.   Plaintiff O'Rourke and members of the New York Subclass suffered an ascertainable loss caused by Defendant's misrepresentations because they paid more for the Canidae Limited Ingredient Diets than they would have had they known the truth about the product.

157.   On behalf of herself and other members of the New York Subclass, Plaintiff O'Rourke seeks to enjoin Defendant's unlawful acts and practices described herein, to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## RELIEF DEMANDED

WHEREFORE, Plaintiffs, individually and on behalf of a class and subclasses of all others similarly situated, seek a judgment against Defendant, as follows:

a.   For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as Class and Subclass representatives and Plaintiffs' attorneys as Class Counsel;

b.   For an order declaring that Defendant's conduct violates the statutes referenced herein;

c.   For an order finding in favor of Plaintiffs and the Class and Subclasses on all counts asserted herein;

d.   For compensatory, statutory, and punitive damages, as applicable, in

amounts to be determined by the Court and/or jury;

    e.   For prejudgment interest on all amounts awarded;

    f.   For an order of restitution and all other forms of equitable monetary relief;

    g.   For injunctive relief as pleaded or as the Court may deem proper; and

    h.   For an order awarding Plaintiffs reasonable attorneys' fees, expenses and costs incurred in bringing this lawsuit.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all claims so triable.

Dated: July 9, 2020.

Respectfully submitted,

_____
Alex R. Straus, SBN 321366
**GREG COLEMAN LAW PC**
16748 McCormack Street
Los Angeles, CA 91436
Telephone: (917) 471-1894
Facsímile: (310) 496-3176
alex@gregcolemanlaw.com

Lisa A. White*
Arthur Stock*
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: 865-247-0080
Fax: 865-522-0049
lisa@gregcolemanlaw.com
arthur@gregcolemanlaw.com

1

2

3

4

5

Nick Suciu III*
Barbat, Mansour, Suciu & Tomina PLLC
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel: 313-303-3472
nicksuciu@bmslawyers.com

6

7

8

9

10

J. Hunter Bryson*
WHITFIELD BRYSON, LLP
641 S St. NW
Washington, DC 20001
Tel: (919) 539-2708
hunter@whitfieldbryson.com

11

12

*Attorneys for Plaintiff*
*Applications for pro hac vice to follow*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28